IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LOYD KENNEDY, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) | CIV-14-925-F |
| v. | ) ) ) |  |
| WARDEN MIKE ADDISON, | ) ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred the matter for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. §636(b)(1)(B) and (C). Upon preliminary review, it is recommended that this action be **DISMISSED without prejudice** for failure to exhaust available state court remedies.

### I. SCREENING REQUIREMENT

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing 2254 Cases in the United States District Courts. Under this rule, the Court

may dismiss a petition based on a failure to exhaust state court remedies if it is "clear from the face of [the] petition." *Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir. 2009).[1]

## II. BACKGROUND

Petitioner brings this action challenging the execution of a sentence imposed by the state district court in Sequoyah County, Oklahoma.[2] Although Petitioner does not give specific case information, the Oklahoma Department of Corrections (ODOC) website shows that he is being confined on a life sentence resulting from his September 1973 conviction for first degree murder in Case No. CF-1972-187. http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=86314&offender_book_id=2573 (accessed October 7, 2014).

Petitioner raises four grounds in support of his request for relief. In Ground I, he alleges that his "[p]unishments have been ex-post-facto enhanced, entitling [him] to immediate release." ECF No. 8:6. He adds that "a defer[r]ed sentence never revoked" requires release, and that a transfer to out of state custody effectively commuted his sentence. ECF No. 8:6. In Ground Two, he claims that he has discharged his sentences under the definition of life imprisonment that was in effect at the time he was incarcerated pursuant to his sentence. ECF No. 8:6. In Ground Three, Petitioner claims that in Oklahoma consecutive sentences are "suspended" sentences that must be revoked before they can be served. ECF No. 8:7. He claims that an amendment to the

---

[1] Under Rule 1 of the Rules Governing 2254 Cases in the United States District Courts, the district court may apply Rule 4 to a habeas petitions other than one brought under § 2254.

[2] Petitioner is incarcerated in a facility located in Cleveland County, which is in the Western District of Oklahoma.

statutes governing pardon and parole changed this, resulting in an ex post facto enhancement of his sentence. ECF No. 8:7. *See* 2013 Oklahoma House Bill No. 1722, Oklahoma First Regular Session of the Fifty-Fourth Legislature. ECF No. 8:7. Fourth, and finally, Petitioner claims that the "state has admitted their 'stacking' of sentences was an unconstitutional punishment enhancement...." ECF No. 8:7. He apparently bases this claim on the state's failure to respond to an application for a writ of habeas corpus filed in Cleveland County, Oklahoma. Case No. WH-2014-3, District Court of Cleveland County (filed June 5, 2014). ECF No. 8-1:1. OSCN, Docket No. WH-2014-3, [http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2175264&db=Cleveland](http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2175264&db=Cleveland) (accessed Oct. 8, 2014). Plaintiff attaches an order from the Oklahoma Supreme Court, dated July 14, 2014, in which it directed the Cleveland County Court Clerk to respond to a petition for a writ of mandamus filed by Petitioner. ECF No. 8-3:1. Petitioner later moved in the mandamus action for either summary judgment or for the Oklahoma Supreme Court to assume jurisdiction and grant a writ for habeas corpus; his motion was based upon grounds that the Cleveland County Court Clerk had failed to respond by August 1, 2014, as directed to do by the Oklahoma Supreme Court. ECF No. 8-4:1. After Petitioner filed this action, and one day before he amended his petition, the Oklahoma Supreme Court assumed jurisdiction and denied relief. OSCN, Case No. MA-112986, [http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=114719&db=Appellate](http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=114719&db=Appellate) (Sept. 15, 2014) (accessed on

Oct. 8, 2014). A check of the docket sheet for the pending habeas action shows that there has still been no response to the petition or any order disposing of the action. OSCN, Docket No. WH-2014-3, District Court of Cleveland County, [http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2175264&db=Cleveland](http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=2175264&db=Cleveland) (accessed Oct. 8, 2014).

### III. DISCUSSION

Although § 2241 contains no express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to § 2241 to exhaust state remedies prior to filing a federal habeas petition. *See Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion requirement exists as a matter of comity to give state courts the initial opportunity to address and correct alleged violations of federal law. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) (A "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Petitioner bears the burden to show that state court remedies have been exhausted. *Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995).

It is clear from the face of his amended petition and its attachments—filed on September 16, 2014—that Petitioner has not exhausted his available state court remedies. Although he claims that the state has "confessed" his entitlement to habeas relief, ECF No. 8:6, Petitioner has failed to request relief on that basis in Cleveland County where his petition is pending. Furthermore, he has failed to seek a writ of

habeas corpus from any other court: "Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay." Okla. Stat. tit. 12, § 1333. All appellate courts and the district court for the county in which Plaintiff is incarcerated have concurrent original jurisdiction to hear and determine habeas corpus. *State v. Powell*, 237 P.3d 779, 780 (Okla. 2010) (citing Art. 7, §§ 4, 7, Okla. Const.; Okla. Stat. tit 20 § 41).

"The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a post conviction attack." *Brown v. Shanks,* 185 F.3d 1122, 1124 (10th Cir. 1999) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."). Petitioner bears the burden of showing that his state court remedies have been exhausted. *See Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995). Petitioner's allegations, and the publicly available docket for Case No. HC-2014 confirm that his petition for habeas corpus is still pending in Cleveland County. Therefore it "plainly appears" that Petitioner's habeas proceeding is premature as he has not yet exhausted available state-court remedies. Because Petitioner failed to exhaust available state court remedies before seeking habeas relief in federal Court, his petition should be dismissed without prejudice to refiling.

## RECOMMENDATION

For the foregoing reasons, the undersigned finds that Petitioner's habeas petition be summarily **DISMISSED without prejudice** for failure to exhaust available state court remedies. Petitioner is advised of his right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **October 27, 2014**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation will constitute waiver of his right to appellate review. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on October 9, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE